67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth N. CAMPBELL, Plaintiff-Appellant,
v.
FASCO INDUSTRIES, INCORPORATED, Defendant-Appellee.
 No. 94-3268.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 7, 1995.
Decided Sept. 20, 1995.
 
 Before BAUER, COFFEY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Campbell appeals the district court's grant of summary judgment on his age discrimination claim. We address the most substantial of Campbell's contentions ourselves, and point him to the district court's exhaustive 35-page opinion for the resolution of the remaining issues. We address both Campbell's direct evidence arguments and his arguments under the McDonnell Douglas burden-shifting formula.
 
 A. Direct Evidence
 
 2
 Campbell testified in a deposition attached as an exhibit that Beyer and Haynes, respectively head of Purchasing and head of Engineering Production, told him that Fasco was giving raises every year to younger employees (under age 50 or 55), but only every three years to older employees. The district court refused to admit those statements into evidence, finding that they were inadmissible hearsay.
 
 
 3
 The statements of Beyer and Haynes are indisputably hearsay. Under Fed.R.Evid. 801(d)(2)(D), such statements are admissible against an employer if made by an employee "concerning a matter within the scope of the [employee's] agency or employment." The relevant inquiry to determine the scope of employment is whether the speaker was authorized to act for his employer concerning the matter spoken about. Wilkinson v. Carnival Cruise Lines, 920 F.2d 1560, 1566 (11th Cir.1991). The proffering party must show "that an otherwise excludible statement relates to a matter within the scope of the agent's employment." Id.
 
 
 4
 Campbell merely submitted the titles of Beyer and Haynes. He made no effort to show the scope of their employment, and no evidence showed or even suggested that deciding raises, or having any role in deciding raises, was a "matter within the scope" of Beyer and Haynes' employment. Therefore, the district court did not abuse its discretion in refusing to admit the statements.
 
 
 5
 Campbell also submitted two forms of statistical evidence as direct evidence of age discrimination by Fasco. First, he noted that 160 salaried employees were "terminated," according to Fasco's records, between 1986 and 1989, and that 98 of those employees (61%) were over the age of forty. Second, he noted that pursuant to the reduction in force at Fasco, three of the nine Systems Team employees were fired, but none of the members under age forty (of whom there were three) were fired. The district court rejected both pieces of statistical evidence as meaningless. We agree.
 
 
 6
 As to Campbell's first piece of evidence, the "termination date" in Fasco's records that Campbell read as a date of firing in fact referred to any departure from the company, including through death, retirement, and termination for cause. Without a further breakdown of the reasons for departure, which Campbell did not provide, the fact that 98 of 160 employees thus "terminated" were over forty means nothing. Moreover, Campbell made no attempt to show what percentage of Fasco's work force was older than forty: without knowing that, it does not show anything to say that a certain percentage of those departing the firm were older than forty. See Dale v. Chicago Tribune Co., 797 F.2d 458, 465 (7th Cir.1986) (rejecting very similar statistical evidence), cert. denied, 479 U.S. 1066 (1987).
 
 
 7
 As to Campbell's second piece of evidence, a nine-member pool is too small a group from which to draw meaningful statistical conclusions. See Parker v. Federal Nat'l Mortgage Ass'n, 741 F.2d 975, 980 (7th Cir.1984). Campbell argues as to both sets of statistical evidence that while they may not be adequate by themselves to prove discrimination, they should be considered as part of the whole picture. We disagree: evidence meaningless in isolation becomes no more meaningful when mixed in with other material. The district court did not err by rejecting Campbell's proffered statistical evidence.
 
 
 8
 Campbell only produced one admissible piece of direct evidence of age discrimination playing a role in his firing. Campbell testified in his deposition that in 1989, two years before he was fired, he assisted in hiring a person for a vacant space on the Systems Team. Campbell said his supervisor, Milo Evans, told him to "consider hiring a younger person." The district court found, and Fasco apparently concedes, that viewing the evidence in the light most favorable to Campbell, that piece of evidence was adequate to establish a prima facie case. The burden thereupon shifted to Fasco to show by a preponderance of the evidence that it would have fired Campbell anyway. Bristow v. Drake Street Inc., 41 F.3d 345, 353 (7th Cir.1994); McCarthy v. Kemper Life Ins., 924 F.2d 683, 686 (7th Cir.1991).
 
 
 9
 We agree with the district court that Fasco more than met its burden under this direct-evidence analysis. In 1990 and into 1991 Fasco was losing large amounts of money. Fasco's president ordered Evans to eliminate three positions in the Systems Team, one of which turned out to be Campbell's. The evidence shows beyond any genuine dispute that Campbell lacked the type of experience now wanted on the Systems Team, and that from 1989 on he had been performing poorly (as shown by reviews finding his performance "unacceptable"). Campbell repeats (numerous times) that he was a "doer" and that Fasco's providing reasons for firing him merely establishes a question of material fact. However, Campbell's conclusory statements, especially in regard to his own performance, are inadequate to counter the evidence that the district court properly found was "overwhelming." No reasonable jury could have found that Campbell was fired because of his age.
 
 B. McDonnell Douglas
 
 10
 Campbell falls back on the McDonnell Douglas indirect method of proof. Fasco concedes, for purposes of this appeal, that Campbell has established a prima facie case under this method of proof. The question then becomes whether Fasco has produced legitimate, non-discriminatory reasons for the firing, and, if so, whether Campbell has shown that those reasons are merely pretext. Weihaupt v. American Medical Ass'n, 874 F.2d 419, 428 (7th Cir.1989).
 
 
 11
 Campbell repeatedly argues that the district court did not cumulatively consider his evidence of pretext. The district court explicitly stated that it did, however, and Campbell's conclusory assertions that "it does not appear" that the district court did so are inadequate and worthy of disregard. We will not otherwise add to the district court's very detailed analysis of the several legitimate reasons Fasco offered to explain its firing of Campbell. Campbell has added nothing substantive to the proceedings below, and we see no need to repeat what the district court has already put so well. We AFFIRM the judgment of the district court.